# United States Court of Appeals for the Fifth Circuit

_____

No. 26-60070
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2026

Lyle W. Cayce
Clerk

Ikechukwu Hyginius Okorie,

*Plaintiff—Appellant*,

*versus*

Forrest General Hospital; Keystone Healthcare, Incorporated; Bryan Maxie; Nacole Dillon; John Does 1-10,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:23-CV-190

_____

Before Smith, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Ikechukwu Okorie served as an independent-contractor physician. After his contract was terminated, he sued the staffing agency, hospital, and hospital employees, alleging breach of contract, tortious interference with contract, defamation, and intentional infliction of emotional distress

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-60070

("IIED").  The district court granted summary judgment for defendants on all claims.  Because the issues Okorie raises on appeal are either forfeited or lack merit, we affirm.

I.

Okorie is a physician who contracted with Keystone Healthcare, Inc. ("Keystone"), to provide services at Forrest General Hospital ("FGH"). The contract provided for immediate termination without cause upon FGH's written request that the physician's services were unacceptable.

FGH received numerous complaints from staff and patients regarding Okorie for his work at Walthall General Hospital, operated by FGH. Walthall's administrators forwarded those complaints to Keystone, informing Keystone that FGH no longer wanted Okorie to work at Walthall.  Keystone complied with FGH's request and issued a termination letter to Okorie.  That letter was sent by FedEx to Okorie's last known address.

Okorie sued Keystone, FGH, and two FGH employees, Nacole Dillon and Bryan Maxie, asserting claims of breach of contract, tortious interference with contract, defamation, and IIED.  Each defendant moved for summary judgment, which the district court granted.  Okorie filed motions seeking reconsideration and leave to incorporate additional material into the record. The district court denied all motions.

II.

We review a summary judgment *de novo*.  *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 331 (5th Cir. 2020).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Courts must view the evidence in the light most favorable to the nonmovant. *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012).  The denial

of Rule 56(d) relief and the denial of a Rule 59(e) motion are reviewed for abuse of discretion. *Am. Fam. Life Assur. Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013); *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004).

## III.
### A.

Okorie contends that the district court erred in granting summary judgment to defendants on all claims.

First, the district court held that the Mississippi Tort Claims Act ("MTCA") barred all claims against FGH, Dillon, and Maxie. Okorie did not present any argument relating to the MTCA in his opening brief. Although he referenced the MTCA twice in his reply brief, arguments raised for the first time in reply brief are forfeited. *See Dixon v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508 (5th Cir. 2015).

Second, Okorie did not make any arguments in support of his claims for defamation, tortious interference, or IIED in response to Keystone's motion to for summary judgment. He has therefore forfeited those issues on appeal. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is [forfeited] and cannot be considered or raised on appeal.").

Though Okorie preserved his challenge to the summary judgment for the breach of contract claim against Keystone, it easily fails. Section 2(b) of the contract provided for immediate termination when a client institution communicated that the physician's services were unacceptable. FGH informed Keystone that Okorie's services were unacceptable. Keystone then terminated Okorie's contract by sending him a letter by FedEx, a method provided by the contract. Keystone did not breach the contract.

No. 26-60070

The district court did not err in granting summary judgment for all defendants.

B.

Okorie claims that the district court erred in denying his Rule 56(d) and Rule 59(e) motions.

Rule 56(d) provides that a district court may grant certain relief if the nonmovant to summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment. FED. R. CIV. P. 56(d). Okorie stated the opposite in the district court: that he "already submitted everything [he] had on this case." And in his brief, he failed to provide any reasons why he could not present any facts that were essential to opposing the motions for summary judgment. The district court did not abuse its discretion in denying the Rule 56(d) motion.

Because Okorie provided no legal arguments in his opening brief for why we should reverse the denial of his Rule 59(e) motion, he has forfeited the issue. *See Dixon*, 794 F.3d at 508.

The summary judgment is AFFIRMED.

4